LANE (AMERICAN MANUF'G CO. v.). See Case No. 304.

LANE (BASCOM v.). See Case No. 1,089.

---

## Case No. 8,046.
### LANE v. The BEDFORD.
[38 Hunt, Mer. Mag. 711.]

District Court, S. D. New York. 1857.[1]

COLLISION—FOG—LOCATION OF VESSEL KNOWN.

[Where a steam ferryboat has seen and repeatedly passed in the night a schooner anchored near her track, she cannot excuse a collision in the morning because of a fog so thick that other vessels could not be seen from her deck.]

[This was a libel in rem by Robert L. Lane and others against the steamboat Bedford for collision.]

This was a libel filed by the owners of the schooner Mary D. Lane to recover damages occasioned to her by a collision with the steamboat, which occurred near the Wall street ferry, upon which the steamboat was running, on the morning of December 17, 1853. The schooner had hauled out into the stream the day before and anchored, as the libelants claimed, below the ferry, and next morning, during a heavy fog, she was run into by the steamboat coming from the Brooklyn side. The claimants allege that she was anchored in the track of the ferryboats.

Before BETTS, District Judge.

HELD BY THE COURT. That the position of the schooner cannot be made the turning point in the case, because the extreme darkness at the time of the collision prevented the witnesses from fixing it with any certainty. That the ferryboat cannot justify going out into the river under a free head of steam in such a darkness that another vessel could not be seen from her deck. She had no right to enter upon a trip in such a helpless state from the condition of the atmosphere, more than if she had been unnavigable from the loss of her helm or motive power. The libelant's vessel had been seen and safely passed repeatedly during the same night, and only a few minutes previous, although the fog was thick, and as the impediment and embarrassment of the ferryboat was not cast upon her by anything unexpectedly cast upon her passage, but was palpably before her when she started, the court is bound that she took the risk upon herself of making the passage safely in respect to the schooner.

Decree for libelants, with a reference to compute the damages.

[This case was taken upon appeal to the circuit court, which held both vessels in fault, and divided the damages. The Bedford, Case No. 1,216.]

---

[1] [Modified in Case No. 1,216.]